UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO.: _____

RONALD A. MOORE,

      Plaintiff,

v.

FLORIDA KEYS AQUEDUCT
AUTHORITY, an agency of the
State of Florida

      Defendants,

_____/

## COMPLAINT

Plaintiff RONALD A. MOORE ("Plaintiff" or "Moore") sues defendant FLORIDA

KEYS AQUEDUCT AUTHORITY ("Defendant"), and alleges:

## NATURE OF THE ACTION

1.     This is an action by Plaintiff under Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); the Age Discrimination in Employment Act, 29

U.S.C. 623 (ADEA); the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. (the

"FMLA"); and the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq*. ("FCRA"), to redress

injury done to him by Defendant's discriminatory, harassing, and retaliatory treatment on the basis

of age, race, and disability.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action under 42 U.S.C. § 2000e *et seq*., and 28

U.S.C. §§ 1331, 1343(3) and (4) and 1367(a).

1

3.      Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391, because Defendant resides in this district, having its principal place of business within this district; also, because Defendant is subject to the Court's personal jurisdiction with respect to the civil action at bar and because all or a substantial part of the events or omissions giving rise to this cause of action took place in this judicial district.

4.      Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. Specifically, Plaintiff is bringing claims under the FCRA.

## PARTIES

5.      Plaintiff is a resident of Monroe, Florida, who was employed by Defendant and, as a 59-year-old black male, who was disabled or perceived to be disabled is a member of certain protected classes of persons.

6.      At all times material to this Complaint, Plaintiff was an "employee" and "aggrieved person" as defined by 42 U.S.C. § 2000e(f); 42 U.S.C. § 12111(4); and Fla. Stat. § 760.02(10). Plaintiff specifically incorporates the definitions of "employee" and "aggrieved person."

7.      At all times material, Defendant FLORIDA KEYS AQUEDUCT AUTHORITY was an agency of the State of Florida authorized to conduct business in the State of Florida, in Monroe County, and within the jurisdiction of this Court.

8.      At all times material, Defendant was an "employer" as defined by 42 USCS § 12111(5); 42 USC § 2000e(a) and (b); 42 U.S.C. § 12111(4); and Fla. Stat. § 760.02(7). Plaintiff

specifically incorporates the definition of "employer."

9.      At all times material, Defendant employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

## PROCEDURAL REQUIREMENTS

10.     All conditions precedent to bringing this action have been fulfilled. Plaintiff dual-filed Charges of Discrimination with the EEOC, and also with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about December 8, 2021, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of discrimination. *See* **composite Exhibit "A."**

## STATEMENT OF FACTS

11.     Plaintiff was employed by the Defendant from April 14, 2003, until his termination on July 7, 2020.

12.     From 2008 until his termination Plaintiff was employed as a distribution system operator C and was part of the team that repaired and maintained the Defendant's water distribution and transmission systems to ensure safe working conditions, maintain water flow, and test the water supply.

13.     For the first several years of his employment Plaintiff was treated as a valuable member of the team and a respected employee, however that changed after he filed an EEOC complaint against Defendant in 2014 alleging harassment and discrimination.

14.     The EEOC subsequently issued a right to sue letter on, or about, December 20,

2016.

15.     Following the issuance of the right to sue, Plaintiff was denied promotions on three separate occasions in favor of less experienced non-black employee, who were younger than 40.

16.     In March 2020, Plaintiff applied for and was granted FMLA leave to have back surgery that was originally scheduled for March 17, 2020, however due to a life-threatening medical complication, the procedure was aborted.

17.     Plaintiff was forced to remain in the hospital for four days and was unable to return to work.

18.     Surgery was rescheduled for June 17, 2020, but once again complications arose that caused the procedure to be aborted.

19.     Due to the severity of the complications Plaintiff remained in the hospital for three days and was unable to return to work.

20.     Plaintiff's surgery was again rescheduled and finally performed on July 1, 2020.

21.     The day before his surgery Plaintiff received a call from Defendant's Director of Human Resources, Karen Rodriguez, indicating that he would be terminated if he did not return to work on, or before July 7, 2020.[1]

22.     Following his surgery, Plaintiff submitted a letter to Ms. Rodriguez, on July 4, 2020, requesting an unpaid leave of absence from July 7, 2020 – July 24, 2020, and a light duty assignment from July 27, 2020 – August 31, 2020, as reasonable accommodations.

23.     Additionally, Plaintiff provided documentation from his doctor indicating that he

---

[1] A letter indicating the same information was also sent on, or about, June 30, 2020, but Plaintiff did not receive it until after my surgery.

was cleared for light duty work from July 27, 2020 – August 31, 2020 and could return to full duty status with no restrictions after August 31st.

24.     Both of Plaintiff's requests for accommodation were denied.

25.     The handling of Plaintiff's disability and requests for accommodations were in direct contrast from the treatment of similarly situated non-Black employees.

26.     During the approximate time that Plaintiff was being denied his request for reasonable accommodations Defendant granted similar requests from a White male who after exhausting his FMLA leave was allowed to remain in his regular position, in light duty, and was granted a "leave of absence" by Defendant; a White male who was assigned to another division to work light duty when he was unable to work in his regular position, and a White female who were allowed to remain employed with the Defendant after exhausting her FMLA leave, and was granted a "leave of absence" by Defendant.

27.     Additionally, on numerous occasions Plaintiff's supervisor, Eddie Lee, would mention that he should consider retiring because of his age and back surgeries.

28.     Also, as mentioned above, Plaintiff has repeatedly been passed over for younger employees for promotion, and a younger Black male was hired to fill his position one week before he was eligible to return to work without restrictions.

29.     Plaintiff's denial of reasonable accommodations and subsequent termination were a continuation of the ongoing retaliation that he faced, along with discrimination based on his race, age, and perceived disability.

**COUNT I: VIOLATION OF THE ADA – DISABILITY DISCRIMINATION**

30.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29

above as if set out in full herein.

31.     Plaintiff suffered a back injury and subsequently applied for and was granted FMLA leave to have back surgery.

32.     Following numerous complications, the surgery was delayed multiple times, and was finally performed on July 1, 2020.

33.     Plaintiff's condition qualifies as a disability or was regarded as a disability by Defendant, within the meaning of the ADA.

34.     Defendant was aware of Plaintiff's medical condition, including the specific circumstances surrounding the treatment of his condition.

35.     At all times during his employment, Plaintiff was qualified to perform the essential functions of his position with or without reasonable accommodations.

36.     Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of his employment.

37.     Defendant discriminated against Plaintiff because of his disabilities, in violation of the ADA. Alternatively, Plaintiff's disability was a motivating factor in the Defendant's decision to discriminate against Plaintiff.

38.     Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reasons for the termination from employment, Plaintiff's disability.

39.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to disability. The discrimination

on the basis of disability constitutes unlawful discrimination.

40.     As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

**WHEREFORE**, Plaintiff RONALD A. MOORE respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on his damages award;

e) Award Plaintiff reasonable costs and attorney's fees; and

f) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II: VIOLATION OF THE FCRA – DISABILITY DISCRIMINATION

41.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 above as if set out in full herein.

42.     Defendant's treatment of Plaintiff as described above is based on Plaintiff's disabilities or Defendant's perception of the same. Alternatively, Plaintiff's disability was a motivating factor in the Defendant's decision to discriminate against Plaintiff.

43.     Defendant did not treat similarly situated, non-disabled individuals in the same manner.

44.     Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of his employment in violation of the FCRA.

45.     Plaintiff has been subjected to disparate treatment because of his disability or handicap in violation of the FCRA, and because of such actions by Defendant he has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

46.     Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to the FCRA.

47.     As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

WHEREFORE, Plaintiff RONALD A. MOORE respectfully requests that this court order the following:

a)  Issue a declaration that the acts and practices of Defendant complained of in this Complaint are in violation of the FCRA;

b)  Award injunctive relief ordered by the Court enjoining and permanently restraining these violations of the FCRA by Defendant;

c)  Award actual damages suffered, including lost wages, loss of fringe benefits and damages;

d)  Award compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

## COUNT III:
## VIOLATION OF TITLE VII: DISCRIMINATION BASED ON RACE

48.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 above as if set out in full herein.

49.     Plaintiff is a member of a protected class of black citizens.

50.     At all times material hereto, Defendant failed to comply with Title VII [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

51.     Plaintiff suffered a back injury and subsequently applied for and was granted FMLA leave to have back surgery.

52.     Following numerous complications, the surgery was delayed multiple times, and was finally performed on July 1, 2020.

53.     The day before his surgery Plaintiff received a call from Defendant's Director of Human Resources, Karen Rodriguez, indicating that he would be terminated if he did not return to work on, or before July 7, 2020.

54.     Following his surgery, Plaintiff submitted a letter to Ms. Rodriguez, on July 4, 2020, requesting an unpaid leave of absence from July 7, 2020 – July 24, 2020, and a light duty assignment from July 27, 2020 – August 31, 2020, as reasonable accommodations.

55.     Additionally, Plaintiff provided documentation from his doctor indicating that he was cleared for light duty work from July 27, 2020 – August 31, 2020, and could return to full duty status with no restrictions after August 31st.

56.     Both of Plaintiff's requests for accommodation were denied.

57.     The handling of Plaintiff's disability and requests for accommodations were in direct contrast from the treatment of similarly situated non-Black employees.

58.     During the approximate time that Plaintiff was being denied his request for reasonable accommodations Defendant granted a similar request from a White male who was allowed to remain in his regular position, in light duty status, and two White females who were allowed to remain employed with the Defendant after exhausting their FMLA leave.

59.     Plaintiff was terminated on or about July 7, 2020.

60.     The Defendant's decision to discriminate against, and ultimately terminate Plaintiff was because of Plaintiff's race. Alternatively, Plaintiff's race was a motivating factor in the Defendant's decision to discriminate against Plaintiff.

61.     Plaintiff was qualified for the position he held with Defendant.

62.     The Defendant is a sophisticated employer that has actual knowledge of the requirements of Title VII.

63.     The failure of the Defendant to adhere to the mandates of Title VII was willful and its violations of the provisions of Title VII were willful.

64.     The Defendant, through its employment practices, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on

account of his race in violation of Title VII with respect to its decision to treat Plaintiff differently from other employees.

65.   Plaintiff's treatment by the Defendant and Plaintiff's termination from her employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of his race. Alternatively, Plaintiff's race was a motivating factor that made the Defendant treat Plaintiff disparately and terminate him.

66.   Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by the Defendant is a mere pretext for the actual reason for the termination from employment – Plaintiff's race.

67.   Discrimination on the basis of race constitutes unlawful discrimination.

68.   As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

**WHEREFORE**, Plaintiff RONALD A. MOORE respectfully requests that this court order the following:

a)   Enter judgment in Plaintiff's favor and against the Defendant for its violations of Title VII;

b)   Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c)   Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d)   Award Plaintiff prejudgment interest on his damages award;

e)   Award Plaintiff reasonable costs and attorney's fees; and

f)  Grant Plaintiff such other and further relief, as this Court deems equitable and just.


## COUNT IV:
## VIOLATION OF THE FCRA: DISCRIMINATION BASED ON RACE

69.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 and above as if set out in full herein.

70.    At all times material hereto, the Defendant failed to comply with the FCRA [Florida Statutes Section 760.10] which states,

> "*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status.*"

71.    Plaintiff is a member of a protected class of black citizens.

72.    The Defendant's decision to discriminate against Plaintiff was because of his race. Alternatively, Plaintiff's race was a motivating factor that caused the Defendant to discriminate against Plaintiff.

73.    At all relevant times aforementioned, including the time of discrimination, the Defendant were aware that Plaintiff was black.

74.    Plaintiff was qualified for the position that he held at the Defendant.

75.    Plaintiff was discriminated against by Defendant because he was black.

76.    The Defendant is a sophisticated employer who has actual knowledge of the requirements of the FCRA.

77.     The failure of the Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

78.     The Defendant, through its employment practices, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff because of his race in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

79.     The Defendant wrongfully terminated Plaintiff and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's race.

80.     As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental anguish, humiliation, and pain and suffering.

81.     Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by the Defendant is a mere pretext for the actual reasons for the termination from employment – Plaintiff's race.

82.     Discrimination on the basis of race constitutes unlawful discrimination in violation of the FCRA.

**WHEREFORE**, Plaintiff RONALD A. MOORE respectfully requests that this court order the following:

a)  Enter judgment in Plaintiff's favor and against the Defendant for its violations of the FCRA;

b)  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

13

c)  Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d)  Award Plaintiff prejudgment interest on her damages award;

e)  Award Plaintiff reasonable costs and attorney's fees; and

f)  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT V:
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 623 (ADEA): DISCRIMINATION BASED ON AGE

83.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 above as if set out in full herein.

84.     Plaintiff began working for the Defendant on, or about, April 14, 2003.

85.     From 2008 until his termination on, or about, July 7, 2020, Plaintiff was employed as a distribution system operator C.

86.     On numerous occasions Plaintiff's supervisor, Eddie Lee, mentioned that he should consider retiring since he was the oldest member in the Area II crew.

87.     Prior to his injury, Plaintiff had repeatedly been passed over for employees younger than 40 for promotion.

88.     Finally, a younger Black male was hired to fill Plaintiff's position one week before he was eligible to return to work without restrictions.

89.     At all times material hereto, the Defendant failed to comply with the Age Discrimination in Employment Act, 29 U.S.C. § 623 (a) *et seq*., as amended, which states, "It shall be unlawful for an employer: (1) to fail or refuse to hire or to discharge any individual, or

otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with this chapter."

90.     The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's Age.

91.     At all relevant times, including the time of his termination, Defendant was aware that Plaintiff was 59 years old.

92.     At the time of the unlawful discrimination, the Plaintiff did satisfactorily perform the essential functions assigned to her by the Defendant. The Plaintiff was qualified for the position apart from his apparent Age.

93.     The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Age Discrimination in Employment Act of 1967, as amended.

94.     The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

95.     Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his age in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

96.     Defendant's termination of Plaintiff's employment was directly and proximately

15

caused by the Defendant's unjustified discrimination against Plaintiff because he was 59 years old, in violation of the Act.

97.     Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Age.

98.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to his age. The discrimination on the basis of Age constitutes unlawful discrimination.

99.     As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff RONALD A. MOORE respectfully requests that this court order the following:

a)  Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADEA;

b)  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c)  Award Plaintiff compensatory damages under the ADEA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d)  Liquidated damages;

e)  Award Plaintiff prejudgment interest on his damages award;

f)  Award Plaintiff reasonable costs and attorney's fees; and

g)  Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT VI:
## VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964: RETALIATION

100.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 and above as if set out in full herein.

101.     At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this subchapter*." 42 U.S.C. § 2000e-3(a) (emphasis added).

102.     Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended, and specifically of Section 704(a) of the Act, which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

103.     The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

104.     Defendant through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff because of Plaintiff's complaints.

105.     While employed by Defendant, filed an EEOC complaint against Defendant in 2014 alleging harassment and discrimination, and as alleged in paragraphs 11-29 was subsequently subjected to retaliatory treatment including, but not limited to the failure to

accommodate and Plaintiff's eventual termination.

106.    As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

107.    Any alleged nonretaliatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's participation in protected activity.

108.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights to engage in protected activity.

109.    Retaliation on the basis of having engaged in protected activity constitutes unlawful retaliation.

110.    As a result of the retaliation, Plaintiff has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

111.    Defendant's acts, through its agents, were done with malice and reckless disregard for Plaintiff's federally protected civil rights.


<u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff RONALD A. MOORE this Court order the following: respectfully requests that

a)  Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;
b)  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c)  Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on his damages award;

e) Award Plaintiff reasonable costs and attorney's fees; and

f) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT VII:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1922 CHAPTER 760; RETALIATION

112.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 and above as if set out in full herein.

113.    As described in Paragraphs 11-29 above, Plaintiff engaged in protected activity.

114.    Following his engagement in protected activity, Plaintiff has been subjected to disparate treatment and eventual termination.

115.    The Defendant's above listed actions against Plaintiff were motivated by an intent to retaliate against Plaintiff for his protected activity under the FCRA.

116.    As a direct and proximate result of the retaliation against Plaintiff, he has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation and physical injuries and distress.

**WHEREFORE**, Plaintiff RONALD A. MOORE respectfully requests that this Court order the following:

a) Enter judgment in Plaintiff's favor and against Defendant for damages;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under the for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on his damages award;

e) Award any other compensation allowed by law, attorney's fees (448.104) and such other and further relief, as this Arbitrator deems equitable and just.

## COUNT VIII: VIOLATION OF THE FMLA BY DEFENDANT– RETALIATION

117.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 above as if set out in full herein.

118.    The FMLA prohibits an employer from taking adverse employment action against any employee because he or she engaged in conduct protected by the FMLA. *See* 29 U.S.C § 2615(a)(2).

119.    Following Plaintiff's approval and subsequent FMLA leave in March 2020, he was denied a reasonable accommodation and terminated.

120.    Plaintiff met all requirement, including proper notice, to take FMLA leave.

121.    Defendant terminated Plaintiff because he exercised his rights under the FMLA, as described above. Specifically, Plaintiff took FMLA leave to have back surgery.

122.    Defendant has intentionally engaged in an unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested and taken leave.

123.    Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of his termination.

124.    As a direct and proximate result of the intentional violations by Defendant of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff RONALD A. MOORE respectfully requests that this Court order the following:

a)  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FMLA;

b)  Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c)  Award Plaintiff compensatory damages under the FMLA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has and continues to suffer;

d)  Award Plaintiff liquidated damages;

e)  Award Plaintiff prejudgment interest on her damages award;

f)  Award Plaintiff reasonable costs and attorney's fees; and

g)  Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: February 15, 2022.

Respectfully submitted,

**s/Brandon Gibson**
Brandon Gibson
Florida Bar No.: 0099411
E-mail: bgibson@bjglawfirm.com
THE LAW OFFICE OF BRANDON J. GIBSON, PLLC
3800 Inverrary Blvd, Ste. 401-T
Lauderhill, Florida 33319
Telephone: (754) 229-1151
Facsimile: (844) 761-8555
*Counsel for Plaintiff(s)*